UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK                           NOT FOR PUBLICATION
------------------------------------------------------------------
In re

Performance Transportation Services, Inc., *et al*          Case No. 07-4746 K

                          Debtor
------------------------------------------------------------------
Mark S. Wallach, Esq., Chapter 7 Trustee of
Performance Transportation Services , Inc., et al.


                         Plaintiff
         -vs-                                                AP No. 09-1108 K

Ford Motor Company


                         Defendant
------------------------------------------------------------------


Janet G. Burhyte, Esq.
Gross, Shuman, Brizdle & Gilfillan, P.C.
465 Main Street, Suite 600
Buffalo, NY   14203

Attorney for Plaintiff

Marc N. Swanson, Esq.
Ronald A. Spinner, Esq.
Miller Canfield Paddock & Stone, PLC
150 West Jefferson Avenue, Suite 2500
Detroit, MI 48226

Attorneys for Ford Motor Company

Kevin Tompsett, Esq.
Harris Beach PLLC
99 Garnsey Road
Pittsford, NY   14534

Attorney for Ford Motor Company

OPINION AND ORDER

Ford has moved for Summary Judgment because although the $29,894.61 debt at issue was incurred by Leaseway, and was paid by Performance Transportation Services, their estates have been substantively consolidated.

First, Ford's March 26, 2013 Response is overwrought as to the "hearsay" nature of the Trustee's counsel's March 7, 2013 letter. The letter was in response to a simple question asked by the Court. The Court did not direct that the Trustee amend or supplement his opposition to Ford's Motion. In fact, it is this writer's recollection (without listening to the recording) that I asked the Trustee's counsel to call either the Trustee or the accountant to determine the time period that the accountant examined in connection with the consolidation motion. That was for the Court's convenience. If the letter must be supported by affidavits (local practice is less strict), the Court must so direct, and does that below.

Second, Ford's reliance upon *Wallach v. Kurowski,* 284 B.R. 770 (Bankr. W.D.N.Y. 2002) is well-placed. In that case, a trustee (it happens to be the same trustee, Mr. Wallach) alleged that Mr. Kurowski's loan was to the principal of that debtor, not to that debtor (Buffalo Restaurant Equipment, Inc.). So payment of the debt by the debtor was a fraudulent transfer, he alleged. The flaw in the argument was in the fact that most of the loan proceeds were paid by Mr. Kurowski to the <u>debtor.</u> The trustee could not establish that the debtor did not

benefit from that infusion of cash.[1]  In the eleven years since that Decision, this writer has thought that fact-pattern to be somewhat unusual, if not unique.[2]  The present case offers a different context that might yield the same result.  However, it appears that the Court inadvertently short-circuited proper Rule 56 practice when it asked counsel for the Trustee to "make a phone call" and "report back."  Ford is correct that if the Trustee cannot provide admissible evidence to establish, at the least, that there is a triable issue of fact as to whether or not Performance Transportation Services benefitted from Ford's having extended credit to Leaseways under the relevant "damage program" transactions, then Ford's Motion should be granted.

The Trustee is given 30 days from the date of this decision to offer such evidence in admissible form, to wit, a "supplemental response" to the Motion, adding an offer of evidence (in admissible form, such as affidavits of fact witness(es), or expert report and declaration, deposition testimony, public record, etc.) in support of his objection to the admissibility of Mr. Schaeffer's declaration and report.

This is not an expansion of the *Kurowski* standard.  Rather, the Court sees that there is a  factual "fog" created by substantive consolidation <u>after</u> <u>conversion</u> on July 14, 2008, as that might relate to the <u>pre-petition</u> financial affairs of Performance Transportation Services and

---

[1] There was no evidence offered as to any withdrawal of the funds from that debtor's account for the personal benefit of that principal.

[2] Although the Court acknowledged concern that the *Kurowski* fact pattern might become commonplace, it seems that either (1) such borrowers do not think that far ahead, or (2) the *Kurowski* ruling has caused trustees here to decline to sue where the *Kurowski* standard seems implicated.

Leaseways. That is sufficiently akin to the *Kurowski* facts (on a qualitative basis) to warrant application of the *Kurowski* standard, for the following reason.

The Court observed in footnote 1 above that the trustee in *Kurowski* offered no evidence that the principal of that debtor withdrew the loan proceeds from the debtor's account for his own purposes. If this writer recalls correctly (after 11 years), the trustee's case was built upon the fact that Mr. Kurowski testified that he thought he was loaning money to a friend, a Mr. Abrazek (the principal of the debtor entity). Mr. Kurowski owned a small marina and Mr. Abrazek was a boater there. Mr. Kurowski testified that Mr. Abrazek had a reputation of success in business, so far as he was aware. He did not care how Mr. Abrazek used the loan proceeds, so long as Mr. Abrazek was the obligor on the promissory note. Mr. Kurowski was not in the business of loaning money (or so the Court recalls). In sum, the trustee's case rested upon the theory that because it was Mr. Abrazek's credit reputation that Mr. Kurowski relied upon, payment by the debtor was a fraudulent transfer. The fact that loan proceeds went to the debtor was irrelevant to the trustee, but not to the Court. Either the trustee did not investigate what happened to those proceeds, or he investigated to a point that was disadvantageous to that estate's case.

Rule 56 practice focuses precisely upon such an investigation. Hypothetically, the infusion of Mr. Kurowski's cash into the debtor's account might have enabled the debtor to obtain a bank loan, a lucrative contract, or other benefit, regardless of what Mr. Abrazek did with the money afterwards.

It is totally understandable (subject, however, to "Blue Sky" or other restrictive

statutes or regulations) that a businessman or businesswoman would approach a friend saying, "I can do good things for you with a loan. A good rate of return." The "I could . . ." obviously could mean "my corporation or business . . ." The amount challenged as a fraudulent transfer in the *Kurowski* case was $19,000, and $20,000 had been paid by Mr. Kurowski directly to the debtor.

In the present case, $29.894.41 was paid to Ford by Performance Transportation Services in vehicle damage claims owed by Leaseway.

If, as Ford argues in its Rule 56 showing, the financial affairs of Leaseway and Performance Transportation Services were as intertwined from September 28, 2007 to November 7, 2007, as they were when the Trustee sought and won "substantive consolidation" from this Court on April 17, 2009, then Ford is entitled to Summary Judgment. (For cases to the effect that such consolidation nullifies fraudulent conveyance actions arising out of payments from a sibling or other familial corporation upon another's debt, see Ford's "Memorandum of Law.")

This matter is restored to the June 19, 2013 calendar at 11:30 a.m., for monitoring and further scheduling.

SO ORDERED.

Dated:      Buffalo, New York
            April 12, 2013

                                                                            s/Michael J. Kaplan
                                                                            _____
                                                                            U.S.B.J.